United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PUSHPA DEVI,

Plaintiff,

v.

EDUARDO AGUIRRE, JR., Director, United States Citizenship and Immigration Services,

Defendant.

_______________________________________/

No. C 05-01179 JSW

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Now before the Court is the motion for summary judgment filed by Plaintiff Pushpa Devi and the motion for summary judgment by Defendant Eduardo Aguirre, Jr., Director of the United States Citizenship and Immigration Services ("USCIS"). Having carefully reviewed the parties' arguments, the relevant legal authority and having had the benefit of oral argument, the Court hereby GRANTS Plaintiff's motion for summary judgment and DENIES Defendant's motion for summary judgment.

**BACKGROUND**

According to the administrative record in this matter, Plaintiff Devi, a citizen of India, was admitted to the United States as an asylee on June 27, 1996 in accordance with 8 U.S.C. § 1158(c), on the basis of an asylee relative petition filed on her behalf by her asylee father. On October 25, 2000, while her application to adjust her status from asylee to an alien lawfully admitted for permanent residence was pending, Defendant informed Devi that she was no longer eligible for an adjustment of status because she had reached the age of majority. Defendant sent

an asylum application to Devi and informed her that she had to apply on her own as an asylee. On November 20, 2000, Devi complied and submitted her application for asylum under 8 U.S.C. § 1158(a).

On October 26, 2001, Devi married Kamlesh Kumar Toora, also a native and citizen of India.

On June 18, 2002, USCIS sent Devi a letter granting her asylum application under 8 U.S.C. § 1158(a) and informed her that her asylum status was granted *nunc pro tunc* to June 27, 1996, the date she was originally granted derivative asylum status. The letter informed her that her asylee status entitled her to apply for immigration benefits, including petitioning to accord her spouse derivative asylum status under 8 U.S.C. § 1158(b)(3)(A).

On January 27, 2004, Devi petitioned to accord her husband derivative asylum status. On January 20, 2004, USCIS adjusted Devi's status to a lawful permanent resident under 8 U.S.C. § 1159(b).

Finally, on March 7, 2004, USCIS denied Devi's asylee relative petition on the basis that, pursuant to 8 C.F.R. § 208.21(b), Devi was not eligible to petition to accord her husband following to join benefits because her petition was filed more than two years after the date she was granted asylum. The denial explained that Devi's petition was untimely because the letter dated June 18, 2002 reflected a grant of asylum *nunc pro tunc* back to June 27, 1996, the date of her arrival in the United States. Although the petition on behalf of her husband was filed less than two years from the date of the letter informing her of the asylum status, the petition was denied because it was filed more than two years from the actual date of asylum due to the mechanism of backdating the grant of asylum status.[1]

**ANALYSIS**

According to Defendant's motion for summary judgment and opposition to Plaintiff's motion, Devi was not eligible for following to join benefits on behalf of her husband because

---

[1] At oral argument, counsel for Defendant contended that the USCIS provided Devi with the "wrong letter" in June 2002 when granting her asylum status by stating that she was eligible for following to join benefits. However, the administrative record does not reflect that the USCIS conceded that it committed such an error and there is no evidence that Devi was ever sent the corrected information.

she failed to petition within two years of the actual grant of asylum. This reasoning is the same explanation from the agency itself for the denial of plaintiff's petition. Defendant contends that the Court is required to accord deference to the agency's interpretation of its own statutes and regulations.[2]

Plaintiff was granted aslyee status under 8 U.S.C. § 1158(a) and was instructed that she was entitled to petition for following to join benefits under 8 U.S.C. § 1158(b)(3)(A). This provision states that a spouse or child of an alien who is granted asylum may be granted the same status as the alien if accompanying, or following to join, such alien. The Code of Federal Regulations provides that "the asylee may request accompanying or following-to-join benefits for his/her spouse or child by filing for each qualifying family member a separate Form I-730, Refugee/Asylee Relative Petition, and supporting evidence . . . within 2 years of the date in which he/she was granted asylum status." 8 C.F.R. § 208.21(c). Defendant contends that because Plaintiff failed to petition for following to join benefits within two years of the *nunc pro tunc* date of her asylum, she was properly denied the additional benefits.

However, Defendant's construction of 8 U.S.C. § 1158 and 8 C.F.R. § 208.21(c) creates a Kafkaesque predicament. According to Defendant, in order to qualify for following to join benefits, Devi would have had to apply within two years of her post-dated grant of asylum, or by June 1998. Devi was neither a child, nor married at that time, and further, was not aware that she would be granted asylum as a principal until June 2002 when she received the letter granting her asylum application. Courts should reject interpretations of statutes or regulations which produce an unjust, unreasonable, or absurd result. *Maceren v. District Directo, Immigration and Naturalization Service*, 509 F.2d 934, 941 (9th Cir. 1975) (citing *In re Petition of Vacontios*, 155 F. Supp. 427, 430 (S.D.N.Y. 1957)).

---

[2] Defendant also contends that, regardless of the outcome of the asylee relative petition, the story here has a happy ending because Plaintiff, a legal permanent resident as of January 20, 2004, is entitled to file a I-130 immigration visa petition for her husband pursuant to 8 U.S.C. § 1153(a)(2)(A). However, both counsel agreed at oral argument that the waiting time for the processing of such a petition would likely result in the deportation of Plaintiff's husband. Defendant's promise that Plaintiff will suffer no harm from the denial of her aslyee relative petition on behalf of her husband therefore rings hollow.

Further, there is no evidence in the record or in the legislative history that the legal fiction of postdating Plaintiff's grant of asylum *nunc pro tunc* was intended to preclude her from receiving other benefits. According to the administrative record, the policy of granting asylum *nunc pro tunc* was adopted in order to benefit qualified children applicants who would otherwise age out of their parents' approved asylum applications. There is no evidence of any intent by USCIS to affect negatively the proper adjudication of an asylum case. Defendant's interpretation of the statutes and regulations, as well as the legal mechanism for properly adjudicating qualified applicants, renders an improper and facially absurd result.

Devi's asylum application was approved by Defendant on July 18, 2002. She was married at the time of the asylum adjudication. Further, Devi applied for benefits for her husband within two years of the notice that her asylum application was granted, as directed by the USCIS. Therefore, the decision by the agency to reject the asylee relative petition for following to join benefits for Plaintiff's husband was in error.

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Plaintiff's motion for summary judgment and DENIES Defendant's motion for summary judgment. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.**

Dated: October 18, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE